UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

ROBERT R. RICHARDSON
TANYA L. RICHARDSON

**DEBTOR(S)**

CASE NO. 13-5

## CHAPTER 13 PLAN

▶ Original  ☐ Amended     Date: 4-22-2013

**NOTICE TO CREDITORS:** This Plan may modify your rights. If you oppose any provision of the plan you must file an objection with the Bankruptcy Court by the deadline fixed by the Court. If you do not file a timely objection, you will have accepted the terms of the Plan, and the plan can be confirmed and the motions granted without further notice or hearing.

*Reference to "Debtor" herein shall include both Debtors in a joint case.*

**I. PLAN PAYMENTS.** The Debtor shall pay to the Trustee *(check one)*:

▶ $1,050.00  each month.     **OR**     ☐ the payments per the attached schedule.

☐ *(If checked)* Plan payments shall be made to the Trustee by Payroll Deduction: (specify ☐ H or ☐ W in joint case)
  Employer Name:
  Address:
  and
  Phone Number:

**II. SECURED CLAIMS.**

**A. Secured Claims To Be Paid Through the Plan and Motion to Value Collateral.**

    1. **Pre-Confirmation Adequate Protection Payments; Post-Confirmation Adequate Protection Payments to be Paid Concurrently with Debtor's Attorney's Fee.** Pre-confirmation adequate protection payments to the following Creditors holding allowed secured claims shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the pre-confirmation adequate protection payments remitted. Payments will continue as provided below after confirmation until the attorney's fee for debtor's counsel is paid in full.

|  | Collateral Description | Adequate Protection Monthly Payment |
|---|---|---|
| Ally | 2010 Jeep Cherokee | 160.00 |
| Pioneer Credit | 2006 Dodge pickup | 100.00 |
|  |  |  |

    2. **Secured Claims Valued Under § 506.** The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Secured Creditor | Collateral Description | Estimated Amount of Claim | Secured Value | Interest Rate* | Monthly Payment |
|---|---|---|---|---|---|
| Ally | 2010 Jeep Cherokee | 20,000.00 | 16,000.00 | 5.5% | 305.62 |
| La-Z-Boy - GECRB | sofa/loveseat | 2,104.00 | 1,200.00 | 5.5% | 22.92 |
| Best Buy - HSBC | television | 2,000.00 | 4,224.00 | 5.5% | 38.20 |
| Lowe's - GECRB | stove/fridge | 6,278.00 | 600.00 | 5.5% | 11.46 |
| Macy's | bed/furniture | 4,481.00 | 600.00 | 5.5% | 11.46 |

1

\* If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. An allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary provision in the plan.

3. **Secured Claims Not Subject to Valuation Under § 506.** Each of the following claims, if allowed, shall be paid through the plan until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Secured Creditor | Collateral Description | Estimated Amount of Claim | Interest Rate* | Monthly Payment |
|---|---|---|---|---|
| **Pioneer Credit** | 2006 Dodge pickup | $5,005.00 | 5.5% | 76.40 |
|  |  |  |  |  |

*If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. **An allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary provision in the plan.**

4. **Lien Retention.** The holder of any allowed secured claim provided for by the plan shall retain a lien until a condition specified in 11 U.S.C. § 1325(a)(5)(B)(i)(I) occurs, at which time the lien shall be released.

**B. Curing Defaults and Maintaining Payments on Mortgages and Other Secured Debts.**

1. **Payments by Debtor.** The Debtor shall pay each claim listed below, except any prepetition arrearage, by making payments directly to the Creditor according to the underlying contract. Except as otherwise provided in the plan, any allowed claim for prepetition arrearage shall be paid through the plan until the amount of the arrearage as set forth in the Creditor's proof of claim has been paid in full.

| Secured Creditor | Collateral Description | Estimated Amount of Arrearage |  |
|---|---|---|---|
|  |  |  |  |

If the arrearage claim is to cure a default in an agreement that was entered into after October 22, 1994, no interest shall accrue or be paid on the claim. With respect to all other agreements, the interest rate shall be the contract rate.

2. **Payments by Third Party**. The following claims, including any amount for prepetition arrearages, shall be paid by a non-filing third party making payments directly to the Creditor according to the underlying contracts.

| Secured Creditor | Collateral Description | Name of Party Making Payments | Relationship to Debtor |
|---|---|---|---|
| **Honda Financial** | dirtbike | To be provided on request of Trustee or a Creditor. |  |
|  |  |  |  |

**C. Surrender of Property.** The Debtor surrenders the following property. Upon confirmation the automatic stay and co-debtor stay are terminated as to the collateral being surrendered, and the provisions in Section II.D. of the plan ("Orders Granting Relief From Stay") apply.

| Secured Creditor | Collateral Description |
|---|---|
| Trustco Bank: 1st, 2nd and 3rd mortgage | House and lot; 64 Trottingham Road, Saratoga Springs, NY |
|  |  |

**D. Orders Granting Relief From Stay.** If at any time during the life of the plan an order terminating the automatic stay is entered, no further distributions shall be made to the Creditor until such time as an amended claim for the remaining unpaid balance is filed and allowed. Pursuant to Local Rule 4001-1, a creditor whose claim is secured by personal property shall have 90 days from termination of the stay in which to file an amended claim for the remaining unpaid balance. A creditor whose claim is secured by real property shall have 180 days from termination of the stay in which to file an amended claim for the remaining unpaid balance. If an amended claim is not timely filed, the claim will be treated as satisfied in full.

**E. Avoidance of Liens under 11 U.S.C. § 522(f).** The Debtor will file a separate motion pursuant to Local Rule 4003-2 to avoid the liens of the following creditors under 11 U.S.C. § 522(f). Except to the extent the plan provides otherwise, the allowed claims of such creditors shall be treated as general unsecured claims.

| Secured Creditor | Collateral Description |
|---|---|
|  |  |

**F. All Other Secured Claims.** An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the

date on which the proof of claim is filed, whichever is later, plus 2 percentage points, or if a secured tax claim, with interest at the applicable statutory rate in effect on the date on which the plan is confirmed. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

### III. PRIORITY CLAIMS.

**A.** All claims entitled to priority under section 507 (including administrative expenses) shall be paid in full. Except to the extent the plan provides otherwise, all expenses entitled to administrative priority under section 507(a)(2) shall be paid in full prior to distribution to any other class of claims entitled to priority. All other classes of claims entitled to priority shall be paid concurrently on a pro rata basis.

**B. Trustee's Fee.** The percentage fee payable to the Trustee shall be paid before or at the time of each payment to creditors and other claimants. The Trustee is authorized to collect the statutory percentage fee at the time of distribution of pre-confirmation adequate protection payments. The percentage fee is fixed by the United States Trustee and cannot be modified by the plan.

**C. Attorney's Fee.**

    1. Counsel for the debtor requests compensation as follows:

    a. ☐ Pursuant to Local Rule 2016-2(a), an attorney's fee for Debtor's counsel shall be allowed in the amount of $         (not to exceed $3,500). Of this amount, the debtor paid $      prior to the filing of the petition, leaving a balance of $    to be paid through the plan. (The Debtor/Attorney for Debtor have complied with Local Rule 2016-2(a) and this must match the Rule 2016(b) Disclosure of Compensation of Attorney For Debtor(s)). Any additional requests for fees or expenses will be requested by separate application.

    OR

    b. ☐ An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court.

    2. Until the allowed attorney's fee is paid in full, creditors holding secured claims (including arrearage claims) shall be paid only adequate protection payments set forth in Section II.A. of the plan.

**D. Domestic Support Obligations ("DSO").** Unless otherwise provided in the plan, any allowed unsecured claim for a pre-petition domestic support obligation shall be paid through the plan until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

**E. Tax Claims.** The allowed claim of any entity for taxes shall be paid according to the proof of claim unless otherwise ordered by the Court.

### IV. UNSECURED CLAIMS.

**A. Minimum Amount Required for Distribution to Priority and Non-priority Unsecured Claims.** The minimum amount required for distribution to priority and non-priority unsecured claims shall be the greater of: (1) the projected disposable income for the applicable commitment period; (2) the amount required to satisfy the liquidation test; or (3) the amount required to pay priority claims in full.

**B. General Unsecured Claims.**

    1. The trustee shall calculate the "pool" amount available for distribution to unsecured creditors. Creditors holding general unsecured claims shall be paid on a pro rata basis to the greatest extent possible. No interest accruing after the date of the filing of the petition shall be paid on the claims of creditors holding unsecured claims.

    2. **Co-Signed Debts To Be Paid in Full.** The following creditors holding unsecured claims for which a non-filing debtor is also liable shall be paid in full, without interest, concurrently with other general unsecured claims.

| Creditor | Description of Claim | Co-Signer | Relationship to Debtor |
|---|---|---|---|
|  |  | To be provided on request of Trustee or a Creditor. |  |

**V. LEASES AND EXECUTORY CONTRACTS.**

**A. Rejection of Leases and Surrender of Property.** The Debtor hereby rejects the following leases and executory contracts and will surrender the leased property. In addition, any lease or executory contract not specifically assumed below is deemed rejected. Upon confirmation the automatic stay and co-debtor stay are terminated as to the leased property. No distributions shall be made to the creditor until an amended claim for any deficiency is filed and allowed. Any allowed claim for a deficiency shall be treated as a general unsecured claim.

| Creditor | Description of Leased Property or Nature of Contract |
|---|---|
|  |  |

**B. Curing Defaults and Retaining Leased Property.** The Debtor shall pay the following unexpired leases or executory contracts, except any prepetition arrearage, by making payments directly to the Creditors according to the underlying contracts. Unless otherwise provided in the plan or Court order, any allowed claim for prepetition arrearages relating to the lease or contract shall be paid through the plan concurrently with secured claims.

| Creditor | Description of Leased Property or Nature of Contract | Estimated Amount of Arrearage | Monthly Payment on Arrearage |
|---|---|---|---|
| Goodrich Landlord | One year residential lease | 0. | 0. |

**VI. GENERAL PROVISIONS.**

**A.** An order of the Bankruptcy Court supersedes any provision of the plan which is in conflict with the order.

**B.** Claims will be paid in accordance with the plan only to the extent funds are available.

**C.** Claims of different classes may be paid concurrently if sufficient funds are available.

**D.** The trustee is authorized to extend the duration of the plan as necessary to pay allowed expenses and claims as provided in the plan; however, the plan may not provide for payments over a period that is longer than 5 years. The trustee is authorized to adjust the amount of the monthly payment disbursed to each secured creditor as may be necessary in the administration of the plan.

E. As soon as practicable after the claims bar date, the trustee will file and serve on all creditors a Notice of Allowance of Claims, which will set forth the treatment of all claims and project the anticipated distribution to unsecured creditors. To the extent there is a conflict between the Notice of Allowance of Claims and the confirmed plan, the provisions of the Notice of Allowance of Claims will control.

**VII. SPECIAL PROVISIONS.**

A. The Debtor attaches hereto and incorporates herein the following amendments (check all that apply):

☐ Plan Payment Schedule

☐ Add Proceeds from Personal Injury or Other Cause of Action

☐ Add Proceeds from Sale of Property

☐ Add Proceeds from Inheritance or Other Right to Receive Income or Property

☐ Other

B. The Debtor proposes the following special provisions.

This shall be a sixty month plan.

Debtors did not provide for the real property taxes as they are surrendering the New York house and believe the taxes will be paid through the foreclosure sale.

The Debtors are paying non-exempt equity of $8,880 through this plan.

4

DATED:  4-22-2013

 /s/ Robert R. Richardson
DEBTOR
 /s/ Tanya L. Richardson
DEBTOR
 /s/ Caryn L. Belobraidich
ATTORNEY FOR DEBTOR

5